Dear Mr. Burns:
You have requested a legal opinion on whether the Louisiana Auctioneer Licensing Board may legally waive the annual licensing fee of $150 for any auctioneer aged 65 and older and whether such board can suspend indefinitely the requirements of continuing education for auctioneers effective calendar year 2009.
The Louisiana laws on licensing of auctioneers and related conditions are contained in Chapter 42 of Title 37 of the Revised Statutes of 1950 and are designated as R.S. 37:3101 et seq. These laws create the Louisiana Auctioneer Licensing Board and provide for the qualifications and licensing of auctioneers in this state. When interpreting these statutes, one must keep in the mind the general rule that the wordshall used in these statutes signifies the mandatory and the wordmay signifies the permissive. See R.S. 1:3. Hence, when the legislature sets forth a requirement that the board cannot waive, it will use the word shall, and when it sets forth for the board a power that the board has discretion over, it will use the word may.
R.S. 37:3116 provides, in pertinent part,
 A. Except as otherwise provided in Subsections B and C of this Section, the board may assess the following schedule of fees:
 * * * (4) Initial license fee for an auctioneer — $150.00
 (5) Annual license renewal fee for an auctioneer — $150.00
 * * * *Page 2 B. The fee for initial licensure or annual renewal of licensure of a nonresident auctioneer licensed or to be licensed by reciprocity pursuant to R.S. 37:3117 shall be the greater of either:
 (1) The sum of one hundred fifty dollars.
 (2) The amount of such fee assessed an auctioneer licensed in Louisiana for licensure by reciprocity in the licensing jurisdiction of such nonresident auctioneer.
 C. The fee for initial licensure or annual renewal of licensure of an auction business owned by a nonresident auctioneer shall be the greater of either:
 (1) The sum of three hundred dollars.
 (2) The amount of such fee assessed an auction business owned by a Louisiana auctioneer in the licensing jurisdiction of such nonresident auctioneer.
 D. All fees shall be paid by certified check or money order made payable to the board and shall not be refundable.
Emphases added.
As you can see, only the fees set forth in Subsection "A" of R.S. 37:3116
are given to the discretion of the board by the legislature's use of the word may in the statutory language. The fees in the other subsections are subject to the mandatory word shall and cannot be waived by the board. However, the fees for the initial and annual renewal license of an individual who is a resident auctioneer is in Subsection "A" of the statute and is subject to the permissive word may; therefore, they are in the discretion of the board. For that reason, we conclude that the board has the discretion and power to waive the annual licensing fee for individuals who are resident auctioneers aged 65 and older, but not for nonresident auctioneers.
As to continuing education requirements, R.S. 37:3115.1 reads,
 A. Effective January 1, 2004, each individual auctioneer licensed in the state of Louisiana shall be required to take six hours of continuing education courses each year relating to the business of auctioneering in order to maintain eligibility for renewal. Each credit hour shall consist of no less than fifty minutes of lecture or instruction time.
 B. Effective January 1, 2006, an owner, officer, director, or office manager of each business licensed in the state of Louisiana as an auction business, bearing an AB prefix on the license number, shall be required to *Page 3 
take six hours of continuing education courses related to the business of auctioneering in order for the business license to be renewed each year.
 C. Those Louisiana resident individual auctioneers exempt from the requirements of holding a separate auction business license are required to take only the continuing education required in Subsection A of this Section, unless ordered otherwise by the board.
Emphases added.
However, in R.S. 37:3112(B)(2), the legislature has given to the board the power and discretion to determine what constitutes an appropriate continuing education session and the manner of giving credit therefor. And in R.S. 37:3106, the legislature has given the power to the board to formulate rules and regulations on the issuance, denial, suspension, and revocation of auctioneer licenses. Thus, while the need for continuing education of auctioneers is mandatory by statute and while the board cannot suspend indefinitely this requirement, it does have the power and discretion to determine what constitutes appropriate continuing education. In the meantime, if the board does not think that the continuing education requirement is needed for the good of the consuming public of Louisiana, it should ask the legislature to amend R.S. 37:3115.1
to delete or at least lessen this requirement or make it completely discretionary with the board.
Any rule or regulation formulated and adopted by the board can be changed or deleted by the board, as long as the law provided by the legislature is complied with. Such law includes the provision that requires the procedure for adopting, deleting, and amending all rules and regulations to be in accordance with the Administrative Procedure Act [Chapter 13 of Title 49 of the Revised Statutes of 1950, designated as R.S. 49:950 et seq.].
We trust that this opinion has adequately answered your request, but if you have any further questions, please do not hesitate to ask them of us. With warmest regards, we remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By:_________________________
 THOMAS S. HALLOGAN
 Assistant Attorney General
 JDC/TSH/sfj